[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
The defendants have moved to dismiss this two count action. The first count seeks the return of a security deposit to a former tenant. The second count sets forth a claimed violation of unfair trade practices under Chapter 735a, Section 42-110a et seq. of the General Statutes.
The action was returned to court on November 4, 1997. Each of the defendants filed a pro se appearance on October 31, 1997 and filed similar answers and special defenses on January 12, 1998. On February 3, 1998 the plaintiff filed a request to revise her complaint to which no objection has been filed by the defendants. Thus the defendants, pursuant to Practice Book (P.B.) Section CT Page 1532810-60, are deemed to have consented to the filing of the amended complaint upon the passing of fifteen days, i.e., February 18, 1998. The only difference between the original and amended complaint appears to be in paragraph three of each count which alleges in the original complaint that the plaintiff vacated the premises "on November 17, 1995" and in the amended reads "on or about November 19, 1995." The plaintiff has not filed an answer to the defendants' special defenses and the defendants have not pled to the amended complaint.
On August 19, 1998 counsel filed appearances for the defendants in addition to the defendants' pro se appearances. The defendants filed their motion to dismiss on September 9, 1998 claiming a lack of subject matter jurisdiction in that the defendants were not the plaintiff's landlord on the date the plaintiff vacated the premises. The defendants allege that their ownership was terminated on November 6, 1995.
The defendants argue that this court has no jurisdiction over the subject matter by alleging a lack of jurisdiction over the owner of the property at the time the plaintiff vacated the premises. Both of the counts of the complaint allege statutory violations. The court has subject matter jurisdiction. The defendants claim that the plaintiff has sued the wrong persons, that they should have sued another. That is a claim of lack of jurisdiction over the person which may be waived. By not filing the motion to dismiss within thirty days of filing the appearances, which were filed on October 31, 1997, the defendants have waived their claim of lack of jurisdiction as well as violated the order of pleadings. See P.B. §§ 10-31, 10-32,10-6, 10-7 and 10-8.
The defendants allege in their motion, par; 2, that they were divested of title on November 6, 1995 and that the owner of the property was Federal Bank, FSB at the time the plaintiff demanded her security deposit back. The defendants in their memorandum of law accompanying their motion to dismiss ask the court to take judicial notice of a foreclosure action in the Judicial District of New Haven at New Haven; that title vested in the bank on that date. "Files of which [courts] take judicial notice do not, however, become a part of the record in the case at bar." Karp v.Urban Redevelopment Commission, 162 Conn. 526, 528 (1972). For all this court knows the premises could have been deeded to the defendants subsequent to the date of foreclosure and the defendants could have regained title to the premises by the date CT Page 15329 the plaintiff vacated.
For the above stated reasons the defendants' motion to dismiss is denied.
The Court,
Joseph B. Clark, Judge